549 F.2d 398
 23 Wage & Hour Cas. (BN 138, 81 Lab.Cas. P 33,512
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jim S. BARNETTE, Defendant-Appellant.
James H. HOGUE, Acting Secretary of Labor, United States
Department of Labor, Plaintiff-Appellee,
v.
TROY MOTORS, INC., a corporation, et al., Defendants,
Jim S. Barnette, Defendant-Appellant.
 Nos. 76-1890, 76-2222.
 United States Court of Appeals,
Fifth Circuit.
 March 25, 1977.
 
 Al J. Sansone, Montgomery, Ala., for defendant-appellant in Nos. 76-1890 and 76-2222.
 Ira DeMent, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee in No. 76-1890.
 Norman G. Winston, Assoc. Reg. Sol., U.S. Dept. of Labor, Birmingham, Ala., William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Jacob I. Karro, Ovida C. Prevost, Sandy McCormack, Attys., U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellee in No. 76-2222.
 Appeals from the United States District Court for the Middle District of Alabama.
 ON PETITION FOR REHEARING
 (Opinion January 31, 1977, 5 Cir., 1977, 546 F.2d 187)
 Before TUTTLE, CLARK and RONEY, Circuit Judges.
 TUTTLE, Circuit Judge:
 
 
 1
 The petition for rehearing misstates the record. It states:
 
 
 2
 "Counsel contends that the Government absolutely had to show that Mr. Barnette received a copy of the order, which they did not and could not. The District Court's file reflects that only Mr. Barron signed acknowledging receipt of a copy of the Court's order where there is a place for the Defendant Barnette to have acknowledged. Mr. Barron continues to represent Mr. Dunn but has never represented Mr. Barnette for any reason at any time. . . ." (Emphasis added.)
 
 
 3
 The district court records shows that Bishop Barron was entered on the original docket in the district court in the original act in which produced the injunction here involved ("for all defendants"). It shows a stipulation of dismissal by all parties against Robert R. Dunn, an original defendant, consented to separately in the name of Troy Motors, Inc., Jim S. Barnette and Robert R. Dunn, each being signed by Bishop N. Barron. It further shows a waiver dated January 28, 1975 in the following language:
 
 
 4
 "Come now the defendants and acknowledge that they have been properly served with a true copy of the complaint filed herein, waive any and all defenses to plaintiff's complaint and consent to the entry of judgment against them for the relief prayed in plaintiff's complaint."
 
 
 5
 This document is signed "Troy Motors, Inc., a Corporation, and Jim S. Barnette, by Bishop N. Barron, Attorney for Defendants." The record then shows the entry of the judgment, including the injunctive order, dated February 3, 1975, which contains the following entry:
 
 
 6
 "Defendants consent to the entry of this judgment: Bishop N. Barron, Attorney for Defendants."
 
 
 7
 Finally, under the heading of "Acknowledgment of Receipt of a Copy of Judgment" there appears the following document:
 
 
 8
 "Come now the defendants in the above action and acknowledge they have received a copy of the judgment entered by the Court in the said cause on the 3rd day of February, 1975, and understand that said judgment restrains them from violating the minimum wage, overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended, and further enjoins defendants from withholding payment of minimum wage and overtime compensation due their employees under the Act in the total amount of $7,759.54.
 
 
 9
 Dated this 7th day of February, 1975.
 
 
 10
 s/ Bishop N. Barron
 
 Bishop N. Barron
 
 11
 Attorney for Defendants"
 
 
 12
 Now, for the first time, on petition for rehearing new counsel alleged that Barnette did not receive notice of the injunction against him. This contention is frivolous.
 
 
 13
 To the extent that the opinion spoke of Troy Motors, Inc. as being the wholly-owned corporation of Mr. Barnette, this language should be deleted. Mr. Barnette was personally enjoined in the original order and he personally was found guilty by the trial court of requiring refunds of part of the monies which Troy Motors, Inc. and Barnette were prohibited from denying the employees in the original order. Therefore, the status of Troy Motors as to its ownership is irrelevant.
 
 
 14
 The petition for rehearing is DENIED.